In re Vonda MOSLEY, Debtor.

SOUTHERN DISCOUNT COMPANY, Plaintiff,

v.

Vonda MOSLEY, Defendant.

Bankruptcy No. 79–01404–BKC–SMW. Adv. No. 80–0031–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

May 2, 1980.

Elliot L. Miller, Miami, Fla., for plaintiff.

William Roemelmeyer, trustee in bankruptcy.

Daniel Gallup, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon plaintiff's complaint to determine that its debt was non-dischargeable under Section 523(a)(2) of the Bankruptcy Code. The court, having heard the testimony of the witnesses and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised of the premises, does hereby make the following findings of fact and conclusions of law:

Plaintiff, Southern Discount Company is in the business of extending credit. On June 6, 1978, defendant/debtor, Vonda Mosley, executed a promissory note in favor of plaintiff in the amount of $858.42. This loan was secured by property listed in a security agreement executed the same date. Prior to the granting of the loan, defendant, again on June 6, 1978 was requested to fill out a form listing all of defendant's indebtedness. This form was labeled a "financial statement". This statement failed to list certain final judgments and a contingent liability for which the defendant and her ex-husband were liable in the total principal amount of $3,203.46.

Defendant, in explanation of her failure to list these and other liabilities, referred to a property settlement agreement entered into between herself and her former husband, Denford T. Mosley, Jr., dated November 21, 1974 and approved by the Final Judgment of Dissolution of Marriage entered February 7, 1975. Paragraph 8 of the property settlement agreement provided:

The Husband does hereby agree that he will assume total complete financial responsibility for any present and existing bills, debts and obligations incurred by the parties, whether individual or joint and to save the Wife harmless thereon.

The defendant testified that she believed that this provision in the property settlement agreement absolved her of all responsibility for the liabilities she did not list on her statement submitted to the plaintiff.

Section 523(a)(2) of the Bankruptcy Code provides:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—. . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

The court finds that, in regards to Section 523(a)(2)(B)(i) and (ii), the written statement submitted to plaintiff was materially false, and, that such statement was made in reference to her financial condition. The amount of liabilities, excluding real estate, listed on defendant's written statement, submitted by the defendant was $1,042. By not listing the amount of the final judgments and contingent liability, which totaled to $3,203.46, materially understated her financial liability. However, in regards to Section 523(a)(2)(B)(iv), the court finds that the defendant/debtor did not submit the materially false written statement with the intent to deceive. The court is convinced that the defendant honestly believed that the omitted debts were not her liability and that she made a good

faith attempt to comply with plaintiff's requested financial information.

The court having found that all the elements under Section 523(a)(2) have not been sufficiently established, it holds that defendant's debt to plaintiff is entitled to be discharged by the bankruptcy proceedings.

A judgment will be entered in accordance with these findings and conclusions.